In the Matter of the Application for the DISCIPLINE OF Marshall G. ANDERSON, an Attorney at Law of the State of Minnesota.

No. C7–82–81.

Supreme Court of Minnesota.

Nov. 18, 1985.

### ORDER FOR IMMEDIATE SUSPENSION

WHEREAS, the Director of the Lawyers Professional Responsibility Board has filed with this court a petition for the discipline of the respondent, and

WHEREAS, the Director has mailed a copy of the petition to the respondent's last known address and has filed with this court an affidavit of mailing, and

WHEREAS, all mailings to the last known address of the respondent have been returned to the Director, and

WHEREAS, the Director has forwarded a copy of the petition for discipline action for service to the Hennepin County Sheriff's office at the respondent's last known address, and

WHEREAS, the documents were returned to the Director's office by the Hennepin County Sheriff's office unserved due to respondent having "moved, new address unknown."

NOW, THEREFORE, pursuant to Rule 12(c)(1) of the Rules of Lawyers Professional Responsibility, the respondent Marshall G. Anderson is hereby suspended from the practice of law in the State of Minnesota from and after the date of this order pending final determination of disciplinary proceedings. A copy of this order shall be mailed to each district court judge in this state as per Rule 12(c)(1), RLPR.

**INTER–FAITH SOCIAL SERVICES, INC., Respondent,**

v.

**COUNTY OF CARLTON, Relator.**

No. C7–85–113.

Supreme Court of Minnesota.

Nov. 22, 1985.

Marvin E. Ketola, Carlton, for relator.

Jay D. Christansen, Lyle G. Ward, Minneapolis, for respondent.

AMDAHL, Chief Justice.

Carlton County obtained a writ of certiorari to review a decision of the Tax Court that Pineview Apartments, owned and operated by the respondent Inter-Faith Social Services, Inc. are exempt from real property taxation under Minn.Stat. § 272.02, subd. 1(6) (1984), as an institution of purely public charity. Our review of the record leads to the conclusion that Inter-Faith has sustained its burden of proving entitlement to a charitable exemption. *North Star Research Inst. v. County of Hennepin*, 306 Minn. 1, 236 N.W.2d 754 (1975).

Affirmed.

YETKA, J., took no part in the consideration or decision of this case.